UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUINCY B. JONES, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:21-2120 |
| v. | : | (JUDGE MANNION) |
| WARDEN QUAY, | : | |
| Respondent | : | |

**MEMORANDUM**

Petitioner, Quincy B. Jones, an inmate currently confined in the United States Penitentiary, Beaumont, Texas, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). Jones challenges his sentence entered in the United States District Court for the Middle District of Alabama. Id. A response (Doc. 7) and traverse (Doc. 11) having been filed, the petition is ripe for disposition. For the reasons that follow, the Court will dismiss the petition.

**I.   Background**

On August 30, 2012, an indictment was filed in the United States District Court for the Middle District of Alabama, Northern Division, charging Jones with one count of Racketeering – Murder(1), in violation of 18 U.S.C. §1958(a). (Doc. 7-3 at 2, criminal docket, United States v. Jones, No. 2:12-cr-156 (M.D. Al. Aug. 30, 2012).

On September 6, 2012, Jones pled guilty to the use of interstate commerce facilities in the commission of a murder for hire. Id.

On November 1, 2012, the Middle District of Alabama sentenced Jones to 120 months' imprisonment, after granting the government's motion for reduction in criminal offense level for acceptance of responsibility. Id. That sentence was to run concurrently with the term of 200 months imposed in Petitioner's other case involving drug charges, 1:11-cr-004-06-WKW. Id.

On October 29, 2013, Jones filed a motion to vacate, pursuant to 28 U.S.C. §2255 motion. Jones v. United States of America, No. 2:13-cv-803 (M.D. Al. Dec. 10, 2015). By Order dated December 10, 2015, Jones' 2255 motion was denied with prejudice. Id.

On April 23, 2019, Jones filed a successive § 2255 motion in the Middle District of Alabama. Jones v. United States of America, No. 2:19-cv-289 (M.D. Al. May 28, 2019). By Order dated May 28, 2019, Petitioner's 2255 motion was denied for his failure to secure leave from the Eleventh Circuit. Id. On June 4, 2019, the Eleventh Circuit denied Jones leave to file a second or successive petition. Id.

On November 12, 2019, Jones filed Jones v. Beasley, No. 3:19-CV-2165 (M.D. Pa.) in this Court. Citing to Rosales-Mireles v. United States, 138 S.Ct. 1897 (2018), Petitioner challenged the validity of his federal sentence,

stating that the Middle District of Alabama used the wrong guidelines range because his pre-sentence report improperly treated three of his former felonies as unrelated, assigning history points for each, and it also improperly assigned points for a juvenile adjudication. Id. He further argued pursuant to United States v. Davis, 139 S.Ct. 2319 (2019), that the statutory basis for his murder-for-hire conviction had been abrogated. Id.

By Memorandum and Order dated May 11, 2020, this Court dismissed Jones' petition for lack of jurisdiction, finding that "these types of challenges [to the sentence guideline range applied by the Middle District of Alabama] are not permitted via §2241 in the Third Circuit," and that Jones' challenge to his murder-for-hire conviction failed "to demonstrate that his claim falls within the [In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997)] exception." See Jones v. Beasley, No. 3:19-CV-2165 at Doc. 15.

In the instant habeas petition, while Jones does not take issue with the sentencing guidelines applied by the sentencing court, he does rely upon the same alleged errors in his presentence report (PSI) to challenge the validity of his federal sentence under §2241. (Doc. 1 at 6-7).

## II. Discussion

Respondent argues that the habeas petition should be dismissed

- 3 -

because it is a successive petition barred by the abuse of writ doctrine. (Doc. 7). The Court agrees. When a prisoner files multiple petitions for habeas corpus relief, the abuse of the writ doctrine, as set forth in 28 U.S.C. § 2244(a), may bar his claims:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. §2244(a).

The abuse of writ doctrine precludes inmates from relitigating the same issues in subsequent petitions or from raising new issues that could have been raised in an earlier petition. See McCleskey v. Zant, 499 U.S. 467, 489 (1991) ("Our recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice."). The government bears the burden of pleading abuse of the writ. See id. at 494-95; Zayas v. I.N.S., 311 F.3d 247, 254 (3d Cir. 2002). The burden then shifts to the petitioner to disprove abuse by showing cause and prejudice. See McClesky, 499 U.S. at 494.

Jones previously challenged his sentence in his prior §2241 petition

- 4 -

filed in this Court in 2019. See Jones, supra. His petition relied on the same alleged inaccuracies in his PSI to challenge the validity of his federal sentence, stating that the sentencing court used the wrong guidelines range because his PSI improperly assigned history points to his prior convictions. Id. at Docs. 1-2. He further argued that the statutory basis for his murder-for-hire conviction had been abrogated. Id. This Court dismissed the claims for lack of jurisdiction because 28 U.S.C. §2255 is not ineffective or inadequate so as to authorize him to pursue his claim under §2241. Id. at Doc. 15.

In his current petition, Jones relies upon the same alleged errors in his PSI to again challenge the validity of his federal sentence under §2241. (Doc. 1 at 6-7). Specifically, he claims that "under the Sentencing Guidelines, prior convictions are consolidated and treated as a single sentence" and Petitioner was given three points for three prior felonies, and claims that the convictions should have been consolidated and he should have only received three points. Id. Petitioner also claims that he should not have received three points for his prior robbery conviction, as "youthful offender should not have been pointed." Id. Finally, Petitioner claims that he "never shot anyone and [he] never fought the police once, much less twice." Id.

Jones' continuous challenges to his sentence based upon his dispute with the history points assigned to him in the PSI constitutes an abuse of the

writ, as these claims were raised in Petitioner's prior action, and dismissed by this Court for lack of jurisdiction, as it is well settled that a federal criminal defendant's conviction and sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. §2255. See Jones v. Beasley, No. 3:19-CV-2165 (M.D. Pa.). Additionally, a §2255 motion is the appropriate and exclusive mechanism for seeking federal judicial review to alter or amend Petitioner's PSI. See U.S. v. Ballard, 855 F.Supp.2d 406, 414 (E.D.Pa.2012) (challenge to adverse information in PSR must be pursued through a habeas motion under §2255); see also Bowens v. U.S., 3:CV–10–1575, 2011 WL 5520531, *3 (M.D.Pa. Nov.14, 2011) ("Regardless of how Petition labels his pending PSR related claim, it clearly questions the legality of his federal sentence ... [and must be pursued by way of] §2255.") Consequently, the petition for writ of habeas corpus will be dismissed for lack of jurisdiction.

### III. Conclusion

For the foregoing reasons, Jones' petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, will be dismissed for lack of jurisdiction. A separate Order shall issue.

**MALACHY E. MANNION**
**United States District Judge**

DATE: June 29, 2023
21-2120-01